IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARLA MOLINA,<br><br>    Plaintiff,<br><br>v.<br><br>PLATINUM TITAN ENTERPRISES OF GEORGIA, INC. d/b/a SUBWAY and ROLAND MONTOYA,<br><br>    Defendants. | CIVIL NO. |

## COMPLAINT

### INTRODUCTION

Plaintiff Mildred Karla Molina, by and through the undersigned counsel, brings this Complaint against Defendants and states and alleges as follows:

### PARTIES

1.  Plaintiff Molina is a resident of Fulton County, Georgia.

2.  Defendant Platinum Titan Enterprises of Georgia, Inc. ("Platinum Titan Enterprises") is a domestic Georgia corporation with its principal office address, as recorded with the Georgia Secretary of State, being 740 Abbeywood Dr., Roswell, Georgia 30075.

3. Defendant Platinum Titan Enterprises may be served with the summons and the complaint in this action by service upon its registered agent, Defendant Roland Montoya, 740 Abbeywood Dr., Roswell, Georgia 30075.

4. Defendant Montoya is the CEO, CFO, and Registered Agent for Platinum Titan Enterprises.

5. Defendant Montoya may be served at his home address, which is the address registered with the Georgia Secretary of State as Defendant Platinum Titan Enterprises principal office address, 740 Abbeywood Dr., Roswell, Georgia 30075.

## JURISDICTION AND VENUE

6. Plaintiff brings this Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for failure to pay overtime compensation at the proper rate as required by the FLSA, and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

7. Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) all of the Defendants reside within the state of Georgia, and at least one Defendant resides within the Northern District of Georgia and (2) a substantial part of the events or omissions giving rise to Named Plaintiff's claims, as described in this complaint, occurred within the Northern District of Georgia.

8. Plaintiff is an employee of a "Subway" franchise sandwich shop, which is owned and operated by Defendants.

9. Therefore, Defendants have been and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

10. Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

11. During her employment with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

12. On information and belief, Defendants own and operate several Subway franchise locations.

13. Defendants have had an annual gross volume of sales made or business done in excess of $500,000.00 for the three years prior to this lawsuit.

14. Defendant Molina controls, determines, and directs the day-to-day operations of Defendant Platinum Titan Enterprises and the Subway sandwich franchise shop where Plaintiff is employed.

15. Defendant Molina sets payroll, compensation, scheduling, and other employment policies and practices of Defendant Platinum Titan Enterprises and

the Subway shop in which Plaintiff is employed, including the policies and practices that form the basis of this lawsuit.

16. Defendant Molina has the power to hire and fire Plaintiff.

17. Defendant Molina directly supervises and controls work schedules and other terms of employment of Plaintiff.

18. By way of example, Defendant Molina determines the rate and method of payment for Plaintiff.

19. Defendant Molina maintains employment records of Plaintiff.

20. Defendant Molina has the ultimate power to make binding policy decisions for Platinum Titan Enterprises and the Subway shop in which Plaintiff works.

21. Therefore, Defendant Molina is an employer of Plaintiff for the purposes of the FLSA.

22. Plaintiff is currently employed by Defendants in a Subway sandwich franchise shop, where she has been employed for over the past three years.

23. From the date three years prior to the filing of this complaint until approximately April 27, 2010, Plaintiff's rate of pay was $10.50 per hour.

24. From July 14, 2010, through and including the present, the Plaintiff's rate of pay has been $10.75 per hour.

25. Plaintiff's primary duties as an employee in Defendants' Subway franchise shop are to: prepare and cut meats and vegetables, bake bread, and organize trays of condiments; make sandwiches for customers; "ring up" customers at the cash register when their order is complete; and clean the bathroom and other areas on an ongoing basis.

26. Plaintiff has had the same primary duties for the three years prior to the filing of this complaint.

27. Throughout Plaintiff's employment, Defendants have had a policy and practice of not recording the actual hours their employees worked, and Plaintiff was subject to this policy and practice.

28. Thus, Defendants failed to maintain accurate records of Plaintiff's actual hours worked.

29. Therefore, Defendants failed to comply with the record-keeping requirements of the FLSA.

30. Defendants frequently and regularly suffered or permitted Plaintiff to perform compensable work in excess of 40 hours per workweek.

31. However, Defendants failed to pay overtime wages to Plaintiff at the appropriate rate as required by the FLSA and its implementing regulations.

32. Defendants' failure to pay proper overtime wages for each hour worked over 40 per workweek was intentional and willful within the meaning of 29 § U.S.C. 255.

33. On information and belief, Defendant classified Plaintiff as exempt from the requirements of the FLSA. However, Plaintiff did not meet the requirements for any exemption.

34. For example, Plaintiff was not paid a salary at all, much less a salary of at least $455.00 per week.

35. As another example, Plaintiff did not supervise any employees.

36. As another example, Plaintiff's primary duties were manual tasks that were performed in connection with selling Defendants' products, and, therefore, Plaintiff's primary duties were not directly related to the management or general business operations of the Defendants' business.

37. As another example, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in performing her primary duties of: preparing and cutting meats and vegetables, baking bread, and organizing trays of condiments; making sandwiches for customers; "ringing up" customers at the cash register when their order is complete; and cleaning the bathroom and other areas on an ongoing basis.

38. Plaintiff is entitled to recover all unpaid overtime wages from Defendant that were secured by the FLSA as well as an equal amount in liquidated damages.

39. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that:

- the Court enter judgment in favor of Plaintiff;
- the Court award Plaintiff her unpaid overtime wages, an equal amount in liquidated damages, and any and all other damages as provided under the law;
- the Court award Plaintiff her attorney's fees and litigation costs as provided under the law; and
- the Court grant Plaintiff all other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: July 27, 2011

        Respectfully submitted,

        s/G. Blake Andrews
        Gary Blaylock "Blake" Andrews, Jr.
        Georgia Bar No. 019375
        Blake Andrews Law Firm, LLC
        2221 Peachtree Road NE Suite X5
        Atlanta, GA 30309
        Tel: 770-828-6225
        Fax: 866-828-6882
        blake@blakeandrewslaw.com

        s/S. George Handelsman
        S. George Handelsman
        Georgia Bar No. 322850
        1401 Peachtree St. NE, Suite 240
        Atlanta, GA 30324
        Tel: 404-522-0777
        Fax: 404-873-3335
        sgh@lawatl.com